United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                              Case No. 24-20662

v.

                              Hon. Jonathan J.C. Grey

D-1 Delphine-Georgiana Epure,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Delphine-Georgiana Epure, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with conspiracy to commit bank fraud under 18 U.S.C. § 1349.

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the count to which she is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 30 years |
| --- | --- | --- |
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | Up to 5 years |

**3.   Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

**4.   Elements of Count of Conviction**

a. The elements of Count 1 are:

1. Two or more persons, in some way or manner, conspired or agreed to commit the crime of bank fraud;

2. The defendant knew of the conspiracy and its objects, aims, or goals.

3. The defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of bank fraud.

b. The elements of bank fraud are:

1. The defendant knowingly executed a scheme to obtain any of the money, funds, or property under the control of a bank by means of false or fraudulent pretenses, representations or

promises.

2. The scheme included a material misrepresentation or concealment of a material fact.

3. The defendant had the intent to deceive or cheat someone for the purpose of either causing a financial loss to another or bringing about a financial gain to himself.

4. The bank was federally insured.

## 5.  Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

The defendant, Georgiana-Delphine Epure, conspired with other individuals, including her co-defendants Florin Birzan and Leonard Mihaiu, to steal checks and other negotiable instruments from the mailboxes of churches in the Eastern District of Michigan, Southern Division, and other churches across the country. Epure and her co-conspirators deposited the stolen checks into bank accounts they had established with Regions Bank, a federally insured bank operating in the Eastern District of Michigan and elsewhere, falsely representing that the

stolen checks were payable to them. As a result of this false representation, they obtained funds and achieved a financial gain.

In furtherance of the conspiracy, Epure personally stole mail, including checks, from churches across the Metro-Detroit area by reaching into mailboxes and removing letters. Epure and her co-conspirators returned repeatedly to the same churches mere days apart. The co-conspirators stole checks from approximately 40 churches in the Metro-Detroit area. Epure stole the mail and checks with the intent of furthering the conspiracy by fraudulently depositing the checks and obtaining funds.

In furtherance of the conspiracy, Epure and her co-conspirators setup at least a dozen accounts with Regions Bank using unauthorized personal identifying information. On July 16, 2024, Epure deposited checks totaling $905 into these accounts at ATMs at Regions Bank. The checks were written by residents of the Eastern District of Michigan and made payable to churches in Plymouth, Ann Arbor, Wixom, and in Ohio. The funds Epure and her co-conspirators obtained as a result of these fraudulent deposits were held by federally insured financial institutions, including Bank of America, Chase Bank, and Comerica Bank.

Page **4** of **20**

Epure and her co-conspirators later withdraw the fraudulently obtained funds and spent them on gold, jewelry, and other luxury items or transferred the funds via money order to Romania, where Epure and her co-conspirators are citizens. In total, the fraudulent accounts Epure and her co-conspirators setup with Regions Bank received at least $112,704 in fraudulently obtained funds intended for churches in the Metro-Detroit area as well as other churches throughout the country.

Epure was arrested with Mihaiu on September 27, 2024. In their car, they had five debit cards, $3,435 in cash, 11 stolen checks made out to local churches totaling $21,546.18, money orders written to churches totaling $170, and six wire transfers. Epure possessed the checks and money orders in her waistband when she was arrested. Epure intended to deposit the stolen checks and money orders in order to fraudulently obtain funds.

## 6.    Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

a.   The right to plead not guilty and to persist in that plea;

b.   The right to a speedy and public trial by jury;

c.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

d.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

e.   The right to confront and cross-examine adverse witnesses at trial;

f.   The right to testify or not to testify at trial, whichever the defendant chooses;

g.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

h.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

i.   The right to compel the attendance of witnesses at trial.

7.   **Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

8.    **Defendant's Guideline Range**

     A.    **Court's Determination**

     The Court will determine the defendant's guideline range at sentencing.

     B.    **Acceptance of Responsibility**

     The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offenses to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be

released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

**C.    Other Guideline Recommendations**

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply.

- 2B1.1(a)(1): Base Offense Level
- 2B1.1(b)(1)(E): Loss amount exceeds $95,000 but is less than $150,000.
- 2B1.1(b)(2)(A)(I): Involved 10 or more victims

The parties have no other joint recommendations as to the defendant's guideline calculation.

**E.    Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the midpoint of the defendant's guideline range as determined by the Court.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

### 1.   Recommendation

The parties have no agreement as to supervised release.

### 2.  No Right to Withdraw

The parties' recommendation, if any, is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation, if any. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.  Fines

There parties have no agreement as to a fine.

### E.  Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate

enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Forfeiture

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 982(a)(2), the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. §§ 1349 and 1344(2) as charged in count 1 of the indictment.

The defendant also agrees to the entry of a personal forfeiture money judgment against him in favor of the United States in an amount to be determined by the Court at the sentencing hearing, which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from her violation.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds and the forfeiture money judgment, upon application by the United States at, or any time before, her sentencing in this case. The defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the

government. The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

The defendant waives her right to have a jury determine the forfeitability of her interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that she understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture

including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.   Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by

collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw her guilty pleas, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right

to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.   Use of Withdrawn Guilty Plea**

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.   Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to

the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by close of business on April 16, 2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

_____
Sara D. Woodward
Chief, General Crimes Unit
Assistant United States
Attorney

_____
Stephen Carr
Assistant United States
Attorney

Dated: 3/26/2025

By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
Ellen Michaels
Attorney for Defendant

_____
Georgiana-Delphine Epure
Defendant

Dated:

Page **20** of 20